# Bonfitto, Appellant, *v.* San Donato Mutual Benefit Association.

*Beneficial associations—Fraud in acquiring membership—Expulsion—Reinstatement—Equity—Clean hands.*

Where the by-laws of an incorporated beneficial association restrict membership to persons of the Catholic faith only, and a person with full knowledge of the by-laws conceals the fact that he is not a Catholic, and in joining the society, swears to respect the constitution and by-laws and "to act honest and straight," such person acquires membership through fraud, and he cannot claim the assistance of a court of equity to reinstate him, after he had been expelled.

Argued Oct. 27, 1915. Appeal, No. 286, Oct. T., 1915, by plaintiff, from decree of C. P. Blair Co., Equity Docket No. 828, dismissing bill in equity in case of Domenico Bonfitto v. The San Donato Mutual Benefit Association. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for a mandatory injunction to reinstate plaintiff as a member of an incorporated association. Before BALDRIGE, P. J.

The bill averred that the plaintiff was expelled for the sole reason that he was not a member of the Roman Catholic Church and a believer in that faith.

The answer averred that the by-laws of the association restricted membership to persons who were members of the Roman Catholic Church, and that plaintiff secured membership by fraudulently representing himself to be a member of that Church.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the bill.

*R. A. Henderson,* for appellant.—The plaintiff had a contractual right to his benefits when due if he were a legal member: Alters v. Journeymen, Etc., Bricklayers' Association, 19 Pa. Superior Ct. 272.

*J. F. Sullivan,* for appellee.—The plaintiff must come into a court of equity with clean hands: Brown v. Pitcairn, 148 Pa. 387; Palmer v. Harris, 60 Pa. 156; Ahl's App., 129 Pa. 49; Rankin v. Simpson, 19 Pa. 471; Nester v. Continental Brewing Co., 161 Pa. 473; Kunkle's App., 107 Pa. 368; Lynch's App., 97 Pa. 349; Reynolds v. Boland, 202 Pa. 642; Bleakley's App., 66 Pa. 187; Fry v. Leopold, 21 Montg. 135; Hay's Est., 159 Pa. 381

OPINION BY TREXLER, J., March 1, 1916:

This is a bill in equity praying for the restoration of the plaintiff as a member of an incorporated beneficial association from which he had been expelled. Parties waived the question of jurisdiction. Whether we regard this suit as one in equity, or as a hearing before the court without a jury under the Act of June 7, 1907, P. L. 440, the plaintiff's recovery in any event must be based upon some legal right acquired by him. If he never was lawfully entitled to membership he cannot ask the court to restore that to him which he never lawfully had. The evidence in the case shows that the membership of the defendant society was confined to persons of the Catholic faith or in the language of the by-laws among those who could not be admitted were, "all those who are foreign to the Catholic religion." The court found that the plaintiff when he joined the society either "fraudulently represented his religious belief or kept silent as to that fact when it was his duty to speak." The evidence

produced by the society discloses that at the time of the induction of new members, they were informed that the membership was limited to Catholics and that those who were not Catholics were requested to stand back and the others who were came forward and took with uplifted hand the required oath, being that the applicant swore upon honor and conscience to respect the constituition and by-laws of the association and inter alia, "to act honest and straight." There was a by-law that provided that the association members, if they by any reason committed fraud to the damage of the society, were to be "discharged." The plaintiff when he joined the society took the requisite oath in spite of the fact that he knew he was not entitled to become a member.

The court was right in refusing him relief. A man has no inherent right to join a beneficial society, incorporated or unincorporated. It is only the rights he acquired by membership that the courts will safeguard to him in proper cases. When such membership is fraudulently obtained and it is not found as a fact that the corporation with knowledge of the fraud acquiesced in the continuance of the membership so acquired, the member has no standing in equity or good conscience to ask the court to reinstate him, if he be expelled. He does not come with clean hands. A right of action cannot arise out of fraud. No court should render its aid to a man who founds his cause of action on an immoral or illegal act.

Taking this view of the case, we need not discuss the other questions involved.

The assignments of error are overruled and the decree of the lower court, dismissing the bill, is affirmed.